OPINION OF THE COURT
McKAY, Senior Judge:
The appellant, Specialist Lewis, was convicted, contrary to his plea, of wrongful appropriation. He pleaded guilty to, and was also convicted of, the offense of false swearing. The convening authority approved the adjudged sentence to a bad-conduct discharge, to be confined at hard labor for one month, and to be reduced to the grade of E-l. We specified the following issues:
I
DID THE GOVERNMENT RETAIN A PROPERTY INTEREST IN THE TRAVEL AND TRANSPORTATION ALLOWANCE ADVANCED APPELLANT UNDER THE AUTHORITY OF 37 U.S.C. § 404 OR DID OWNERSHIP OF THE FUNDS TRANSFER TO APPELLANT UPON PAYMENT?
II
IF THE GOVERNMENT DID NOT RETAIN A PROPERTY INTEREST IN THE FUNDS, DID APPELLANT, UNDER THE CIRCUMSTANCES OF THIS CASE, COMMIT A VIOLATION OF ARTICLE 121 OF THE UNIFORM CODE OF MILITARY JUSTICE, 10 U.S.C. § 921 (1976)?
Ill
IF THE GOVERNMENT DID RETAIN A PROPERTY INTEREST IN THE FUNDS, WOULD A VIOLATION OF ARTICLE 121, UCMJ, OCCUR WHEN THE FUNDS WERE IMPROPERLY CONVERTED, OR WHEN AN ACCOUNTING WAS REQUIRED BY REGULATIONS IMPLEMENTING 37 U.S.C. § 404?
The relevant facts establish that Lewis departed Aberdeen Proving Ground on 13 June 1983 for an extended temporary duty (TDY) trip. To allow him to make the trip and accomplish his assigned mission he was advanced $8,085.00. This was broken down into $3,465.00 for per diem, $2,000.00 for travel (rental vehicle), and $2,620.00 for miscellaneous expenses. The latter were specified in his orders to be for “fuel/oil, incidental expenses, and labor.” His superiors anticipated other expenses directly associated with his mission to display certain official exhibits along his planned route through several southern states.
On 1 July 1983, while still TDY in Florida, Lewis cashed $3,500.00 in travelers cheques, which he had purchased with his TDY advance, and used the money received to buy an automobile for himself. On 18 July 1983, Lewis called his supervisor at Aberdeen and lied that he had lost $2,000.00 of the amount advanced and was low on funds. On 21 July 1983, Lewis’ TDY was terminated and he was brought back to Aberdeen Proving Ground.
On 10 August 1983, Lewis filed a travel voucher denominating his expenses incurred while on TDY. According to his voucher Lewis incurred reimbursable expenses of $2,202.04, $102.65 in actual expenses and $1,285.30 in per diem. As a result he had been overpaid by the advance in the amount of $4,794.04. On 12 August 1983, Lewis made a sworn statement that *479 he had lost his wallet containing about $2,800.00. He subsequently made another sworn statement in which he admitted that he used TDY funds to purchase a car, but had intended to return the money when loans he was waiting for came through. The loans never came through.
Specialist Lewis was charged with making a false statement under oath regarding the loss of his wallet, and with wrongfully appropriating $3,500.00 in United States currency on 1 July 1983, the property of the United States Government, which he used to purchase an automobile.
The question raised by the specified issues is whether the United States Government retained ownership or a possessory interest in the money it advanced to the appellant, or if ownership in the money was transferred to him with a requirement to account for how it was spent followed by a settlement between the appellant and the government. We find that ownership was retained by the government.
Section 404, Title 37, United States Code, entitles service members to travel and transportation allowances under regulations prescribed by the Secretary concerned. This statute was implemented by The Secretary of the Army in Army Regulation 37-106, Financial Administration, Finance and Accounting for Installations, Travel and Transportation Allowances (9 May 1958). The regulation authorizes “an advance of travel allowances” that includes a monetary allowance in lieu of transportation plus per diem (para. 5-51). A service member may also receive “an advance for actual or unusual expenses” (para. 5-52). The appellant received an advance of these three types. The appellant’s travel orders and the regulation limited and controlled the nature and manner in which the advance could be expended by authorizing it to be drawn only for certain stated purposes, i.e., mileage for transportation, per diem, and miscellaneous expenses as specified in his TDY orders. The regulation also requires an accounting by one receiving an advance of the type received by the appellant and provides for settlement between the government and the recipient. The regulation thus tightly controls the whole procedure, restricts the use of the advance to stated expenditures, and even provides that failure to account renders the advance delinquent. The advance drawn by the appellant is quite unlike that considered in United States v. Sicley, 6 U.S.C. M.A. 402, 20 C.M.R. 118 (1955), where no accounting of expenditures was required and the court found the government had thereby divested itself of ownership.
We hold that under the facts of this case the evidence supports the appellant’s conviction of wrongful appropriation on 1 July 1983 beyond reasonable doubt. The government retained ownership of the advanced allowance and the $3,500.00 used by the appellant to purchase an automobile was wrongfully appropriated at the time he paid it over for that purpose, a use not authorized by Army Regulation 37-106, nor his TDY orders.
The findings of guilty and the sentence are affirmed.
Judge WATKINS and Judge LYMBURNER concur.